UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PAUL BURNETT, | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No. 11-40074-TSH |
| FLAGSTAR BANK, | ) | |
| Defendants. | ) | |

**MEMORANDUM OF DECISION AND ORDER ON
DEFENDANT'S RENEWED MOTION FOR JUDGMENT ON THE PLEADINGS AS TO
COUNT I AND MOTION TO DISMISS OR STRIKE COUNTS II-XIII**
August 7, 2012

**HILLMAN, J.**

The Plaintiff, Paul Burnett, alleges that his lender, Defendant Flagstar Bank, refused to modify Burnett's home loan, and instead pursued foreclosure on the loan in bad faith. Burnett further alleges that Flagstar failed to evaluate Burnett's eligibility for modification under the United States Treasury's Home Affordable Modification Program (HAMP) despite his good faith efforts to comply with the bank's modification application process. Burnett originally filed a single count complaint alleging breach of the implied covenant of good faith and fair dealing in Worcester Superior Court, which issued a temporary restraining order prohibiting Flagstar from continuing with a planned foreclosure sale. Flagstar removed the action to this Court based on diversity jurisdiction.

Flagstar then moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12 (c) (Docket No. 6), which was denied without prejudice by this Court on February 24, 2012 (*Memorandum of Decision and Order on Defendant's Motion for Judgment on the Pleadings*, Saylor, J, Docket No. 10). In that Order, Judge Saylor noted that the complaint "fails to specify what contract is alleged to have been breached," (*Id*. p. 8) and granted Burnett leave to file an amended complaint "to restate the factual basis for his claim. *Id*. at p. 9. Specifically, Judge Saylor directed that "[i]f the plaintiff is unable to make a plausible allegation that a relevant contract existed, the claim for breach of the implied covenant will be dismissed." *Id*. at p. 9. Burnett timely filed an Amended Complaint, and while he added eleven new counts alleging various new causes of action, he failed to allege that the parties reached a contractual agreement regarding a loan modification.

On March 6, 2012, Flagstar moved to renew its judgment on the pleadings as to Count I and to dismiss or strike the eleven additional counts Burnett added in his Amended Complaint (Docket No. 13).[1] To date, Burnett has not filed an opposition to the renewed motion.

As to Count I, for the alleged breach of the covenant of good faith, Flagstar correctly points out that the Amended Complaint remains deficient as it contains no allegations that Burnett and Flagstar were parties to a contract. Under Massachusetts law, a covenant of good faith and fair dealing is implied in every contract. *Alvarez v. U.S. Bank N.A.,* Civ. 11-12324-FDS, 2012 WL 2394680 (D. Mass. June 22, 2012), citing *Uno Restaurants, Inc. v. Boston Kenmore Realty Corp.,* 441 Mass. 376, 385, (2004). "[T]he purpose of the covenant is to guarantee that the parties remain faithful to the intended and agreed expectations of the parties in their performance." *Id*. The duty of good faith and fair dealing derives from contract and a

---

[1] The eleven additional counts are referred to as Counts II through XIII, as Count XII was incorrectly labeled as Count XIII in the Amended Complaint.

breach of that duty exists only where there is an enforceable contract between the parties. *See Petricca v. City of Gardner,* 429 F. Supp. 2d 216, 224 (D.Mass. 2006) (internal citations omitted). The trouble with Plaintiff's allegations relating to Flagstar is that they arise from actions that took place before any contract was formed. Because Burnett did not cure his claim for breach of the covenant of good faith and fair dealing in his Amended Complaint by alleging a specific contract, the claim fails as a matter of law. Accordingly, the motion for judgment on the pleadings as to Count I of the Amended Complaint will be granted.

As to the Counts II-XIII, Flagstar contends that the additional eleven counts to the Amended Complaint have been filed without leave of court, in violation of Fed. R. Civ. P. 15 (a)(2) and should be dismissed. Further, Flagstar points out that the Amended Complaint contains redundant allegations, fails to identify references to exhibits and contains two counts with just headings and no specific allegations. The allegations in Plaintiff's Amended Complaint exceeds the latitude given to the Plaintiff in Judge Saylor's Order, where the Judge specified that he was granting Plaintiff "an opportunity to amend his complaint to restate the factual basis for his claim." *See* Order, p. 9. Pursuant to Fed. R. Civ. P. 12(e), the Court will therefore order the remaining claims set forth in Plaintiff's Amended Complaint against Flagstar dismissed unless, within 14 days, Plaintiff provides a more definite statement in accordance with the pleading requirements of Fed. R. Civ. P. 8, stating the claims in greater detail, properly numbered and with appropriate references to exhibits.

### **ORDER**

For the foregoing reasons,

1. Defendant's Motion for Judgment on the Pleadings (Docket No. 13) will be **granted** as to Count I of the Amended Complaint**;** and

2. All remaining claims against Defendant will be dismissed fourteen days from the date of this order, unless Plaintiff files a more definite statement as to Counts II through XIII, as set forth in this order.

/s/ Timothy S. Hillman_____
TIMOTHY S. HILLMAN
U.S. DISTRICT JUDGE

Dated: August 7, 2012